**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3359-18T4

FERNANDO MADRIGAL,
a/k/a DANIEL MADRIGAL,

      Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

      Respondent.

_____

Submitted January 5, 2021 – Decided January 27, 2021

Before Judges Yannotti, Mawla, and Natali.

On appeal from the New Jersey State Parole Board.

Fernando Madrigal, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Fernando Madrigal, who is currently incarcerated in South Woods State Prison, appeals from the New Jersey State Parole Board's (Board) February 27, 2019 final agency decision, which upheld a decision of a two-member Board panel (panel) that denied his application for parole and imposed a twenty-three-month future eligibility term (FET). We affirm.

In March 2017, appellant pled guilty to two counts of sexual assault of a victim who is at least thirteen but less than sixteen years old, contrary to N.J.S.A. 2C:14-2(c)(4). He was sentenced to an eight-year prison term with parole supervision for life.

Appellant became eligible for parole for the first time in October 2018. A hearing officer referred the matter to a two-member Board panel, which denied parole after concluding that there was a reasonable expectation that appellant would violate the conditions of parole if released. In explaining its decision, the panel cited the nature and circumstances of appellant's offenses and noted that a previous probationary opportunity failed to dissuade appellant from continued criminal behavior. It also determined that appellant lacked insight into his criminal behavior and minimized his conduct. In this regard, the panel explained that appellant "showed little remorse for the [two] victims" and he had "little insight into why he has criminal thinking that results in this sexual crime."

The panel acknowledged several mitigating factors including that appellant successfully completed community supervision opportunities and did not receive any infractions while incarcerated. It also noted that appellant: 1) participated in specific classes to address his behavioral issues and other institutional programs, 2) adjusted favorably to his institutional surroundings, and 3) provided a positive parole interview.

On October 19, 2018, appellant appealed the panel's decision to the full Board. Appellant argued that the panel's decision was not supported by a preponderance of the credible evidence in accordance with N.J.S.A. 30:4-123.53(a). He further maintained that the panel's application of mitigating factors contradicted its decision to deny parole.

Appellant also contended that the panel's decision was "contrary to written Board [p]olicy" and that the panel "denied [him] his right to procedural due process" by failing to provide a representative for him at the hearing pursuant to N.J.A.C. 10A:71-3.13(g). Appellant also maintained that "a Board [m]ember participating in the deliberations . . . of the case . . . failed to comply with the Board's Professional Code of Conduct." He asserted that the hearing became "contentious," rendering him unable to "complete his responses to specific questions before being posed with a new question in an aggressive manner."

Finally, appellant argued that the Board employed terms without "formal definitions or meanings" rendering the decision unconstitutionally vague contrary to his due process rights.

On February 27, 2019, the Board affirmed the panel's decision and rejected appellant's arguments that the panel employed an incorrect standard of review or that the panel's decision was unsupported by the record. The Board noted that the panel "considered [appellant's] entire record and based its decision on sufficient credible evidence" and therefore "acted appropriately and in accordance with the Administrative Code." The Board explained to appellant that:

> Based on your responses to questions posed by the [panel] at the time of the hearing, the [panel] appropriately determined that you exhibit insufficient problem resolution, specifically, that you lack insight into your criminal behavior and minimize your conduct. The Board finds that you have been involved in treatment, but have gained little insight from these programs. The Board further finds that your program participation and rehabilitative efforts are a matter of record. This information was included in the [c]ase [s]ummary prepared during your [i]nitial [h]earing and was considered by the [panel] . . . .
>
> . . . .
>
> Further, the Board finds that your program participation does not negate the fact that you still lack insight into your criminal behavior and minimize your conduct.

The Board further notes that while acknowledging the serious consequences of your criminal activity is a step towards rehabilitation, it represents only an initial effort at rehabilitation. The Board further finds that your admission of guilt may help you to develop insight into the causes of your criminal behavior, but does not equate to a change in your behavior.

The Board also rejected appellant's due process arguments and found that "in accordance with the Administrative Code, [appellant's] parole counselor was present at [the] hearing" and the "[panel] carefully and thoroughly reviewed all the reports contained in [appellant's] file and based its decision on the totality of the information in the administrative record."

Finally, the Board determined that "there [was] no evidence to support [appellant's] claim that [the] hearing became contentious, . . . [that appellant was] asked questions in an aggressive manner[,] and [that] the [panel] did not allow [appellant] to complete [his] responses to questions . . . ." The Board found that pursuant to N.J.A.C. 10A:71-3.11(b), appellant was "asked appropriate questions about [his] offenses in a professional manner and the [panel] afforded [him] a significant opportunity to speak on several points." Moreover, the Board concluded that the panel "listened to [appellant's] answers as evidenced by the follow-up questions posed by the [panel]."

Before us, appellant raises the following points[1]:

I. THE BOARD PANEL VIOLATED WRITTEN BOARD POLICY BY FAILING TO ESTABLISH A NEXUS BETWEEN THE REASONS FOR DENIAL AND THE CONCLUSION THAT THERE EXISTED A SUBSTANTIAL LIKELIHOOD THAT APPELLANT WOULD COMMIT A NEW CRIME IF RELEASED ON PAROLE AT THIS TIME.

II. THE HEARING OFFICER UTILIZED INCORRECT STANDARDS IN RENDERING THE DECISION TO DENY APPELLANT PAROLE.

III. APPELLANT WAS DENIED A FAIR HEARING WHEN A HEARING OFFICER FAILED TO COMPLY WITH THE BOARD'S PROFESSIONAL CODE OF CONDUCT.

IV. THE BOARD PANEL'S DECISION WAS UNCONSTITUTIONALLY VAGUE AND SUBJECTIVE.

V. THE BOARD PANEL DENIED [APPELLANT] HIS RIGHT TO PROCEDURAL DUE PROCESS BY FAILING TO PROVIDE A BOARD REPRESENTATIVE TO AID HIM THROUGHOUT HIS HEARINGS IN VIOLATION OF WRITTEN BOARD POLICY.

---

[1] For clarity, we have renumbered the point headings in appellant's brief.

A-3359-18T4

We have considered appellant's arguments and conclude that they are without sufficient merit to warrant extended discussion in this opinion, <u>Rule</u> 2:11-3(e)(1)(E), and we affirm substantially for the reasons expressed by the Board in its thorough decision, which was supported by the sufficient credible evidence on the record as a whole, <u>Rule</u> 2:11-3(e)(1)(D).[2] We add the following remarks.

In reviewing a final decision of the Board, we consider: 1) whether the Board's action is consistent with the applicable law; 2) whether there is substantial credible evidence in the record as a whole to support its findings; and 3) whether in applying the law to the facts, the Board erroneously reached a conclusion that could not have been reasonably made based on the relevant facts. <u>Trantino v. N.J. State Parole Bd.</u>, 154 N.J. 19, 24 (1998). The Board's decision to grant or deny parole turns on whether "by a preponderance of the evidence . . . there is a reasonable expectation that the inmate will violate

---

[2] Appellant has not specifically briefed the propriety of the Board's decision to impose a twenty-three-month FET. Although we could consider any challenge to the FET waived, <u>see</u> <u>Drinker Biddle & Reath, LLP v. N.J. Dep't of Law & Pub. Safety</u>, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011), we have nevertheless considered the Board's FET decision on the merits and are satisfied the Board's establishment of a twenty-three-month FET is amply supported by substantial credible evidence in the record. The twenty-three-month FET was appropriate under the circumstances and we perceive of no basis for a downward adjustment. N.J.A.C. 10A:71-3.21(a)(2); N.J.A.C. 10A:71-3.21(c).

conditions of parole . . . if released on parole." N.J.S.A. 30:4-123.53(a);
N.J.A.C. 10A:71-3.10(b). The Board must consider the enumerated factors in
N.J.A.C. 10A:71-3.11(b)(1)-(23) in making its decision. The Board, however,
is not required to consider each and every factor, rather, it should consider those
applicable to each case. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544,
561 (App. Div. 2002).

Regarding points I-IV, the Board's decision is consistent with applicable
law, there is substantial credible evidence in the record as a whole to support its
findings, and the Board reached conclusions that were based on the relevant
facts. The Board made extensive findings demonstrating the basis for its
decision to deny appellant's parole.

For example, the Board determined that based on appellant's responses to
questions during his hearing, the information contained in his case summary,
and the reports contained in his file, he lacked insight into his criminal behavior
and minimized his conduct. The Board further concluded that there was no
evidence contained within the record that indicated appellant's hearing became
contentious. On this record, we have no reason to second-guess those findings
or conclusions and defer to the Board's expertise in these matters. Accordingly,
we conclude that the Board's decision was made in accordance with the

standards delineated in N.J.S.A. 30:4-123.53(a) as the record establishes by a preponderance of the evidence that there was a reasonable expectation appellant would violate the conditions of his parole.

We also reject appellant's procedural due process arguments raised in point V. Contrary to appellant's assertion, he was not entitled to the assistance from a Board representative at his parole hearing. In this regard, the applicable regulation requires appellant to be provided with assistance from a Board representative, N.J.A.C. 10A:71-3.13(g), but it does not specify that assistance be provided at the hearing. It is only required that general assistance and advice be provided during the parole process, which occurred here. In any event, the record states that appellant's parole counselor was present to assist him throughout the hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3359-18T4